## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Nicole Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Law Offices of Brett M. Borland, P.C., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.      Plaintiff, Nicole Anderson, is a natural person who resides in DeKalb County, Georgia.

2.     Defendant, Law Offices of Brett M. Borland, P.C., is a corporation formed under the laws of the State of Georgia.  Defendant conducts business in the State of Georgia and is registered in the State of Georgia.  Defendant can be served via its registered agent C T Corporation at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Pursuant to LR 3.1B(3), venue is proper in Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of an apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant's principal business is the collection of consumer accounts for its commercial benefit.  Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant manages, and collects upon, hundreds of consumer debt accounts annually.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Plaintiff had fallen behind on several bills and wanted to organize her finances and boost her credit score.

13.    Plaintiff attempted to get her financial affairs by contacting her creditors and gathering information so she could prioritize her payments to creditors in order to get out of debt and raise her credit score.

3

14.    In September of 2023, Plaintiff called Defendant in response to communications she had received from Defendant.

15.    During the course of the call, Defendant told Plaintiff that her account would stay on Plaintiff's credit report until it was paid off and that if she made monthly payments, they would not be reflected on the Plaintiff's credit report.

16.    Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

17.    The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

18.    Per 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA, a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

19.    Moreover, a data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness. 15 U.S.C. § 1681s-2(a)(2)(B).

20.    Upon information and belief, Defendant's agreement(s) with Transunion and Experian require Defendant to report account information on a regular basis or schedule.

21.     Defendant's representations that Plaintiff's credit reports would not be updated as payments were made, but rather only after certain accounts were paid in full was a false representation of the legal requirements for Defendant to update the information they provide to a credit reporting agency.

22.     Defendant's statement that Plaintiff would have to pay the account for the account to be updated on Plaintiff's credit report was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

23.     Defendant's statement that Plaintiff would have to pay the balance of the account for the account to be updated on Plaintiff's credit report was a false, deceptive, and misleading communication which threatened to report the account for longer than the seven years allowed by the FCRA.

24.     Defendant's representations were designed to mislead Plaintiff to believe that she needed to pay the accounts in full in order to have her credit report updated.

25.     Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

26.     Plaintiff was misled by Defendant's false statements.

27.    Plaintiff suffered anxiety and worry that her debt would stay on her credit report forever.

28.    Plaintiff suffered her anxiety and worry as a direct result of Defendant's false statements.

29.    Additionally, Plaintiff received a text message from Defendant in September of 2023.

30.    Defendant's text message to Plaintiff did not contain an opt-out notice.

31.    A debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out request.  12 CFR Section 1006.6(e).

32.    Plaintiff took time out of her day to seek legal counsel as to whether the statements made by Defendant were true.

33.    Defendant's misinformation about the credit reporting interfered with Plaintiff's ability to organize her financial affairs.

## INJURIES-IN-FACT

34.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

35.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

36.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

37.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

38.     Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety that these debts would remain on her credit report forever, and took time to discuss her debt with counsel in response to the false statements.

39.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

40.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry due to concerns that she might suffer negative credit reporting until the debt was paid off entirely.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

41.     Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

42.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

43.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

44.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

45.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

46.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

47.    Defendant's statements were false and misleading statements about the legal requirements to remove negative accounts from credit reports after seven years.

48.    Defendant's statements were threats to take action which it had no legal right to do, which is report a debt for longer than seven years.

49.    Defendant's statements were false and misleading statements about the legal requirements to update information to maintain accuracy in the information defendant reports to credit bureaus.

50.    Defendant's false statements about the credit reporting of Plaintiff's debt caused Plaintiff anxiety and worry and required Plaintiff to seek legal counsel about Defendant's false statements.

51.    Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

52.    As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount

of $1,000.00, costs of this action and reasonable attorney's fees as determined by the

Court as mandated by 15 U.S.C. § 1692k.

## <u>TRIAL BY JURY</u>

53.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant

for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)     Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of January, 2024.

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 509
Londonderry, VT 05148

Phone 651-208-6441
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys